Bradley Strassberg (7994)
Jeffrey Trousdale (14814)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Attorneys for Kenneth Rushton,
Chapter 7 Trustee

---

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re<br><br>THRIVE NATIONAL CORP., and THRIVE SYSTEMS, INC.<br><br>Debtor. | Bankruptcy Case No.  16-26526 (KRA)<br><br>(Substantively Consolidated)<br><br>Chapter 7 |

**MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT WITH PAUL SHIRLEY AND BROOKE SHIRLEY**

Kenneth Rushton (the "Trustee"), the duly appointed chapter 7 trustee of the bankruptcy estates of Thrive National Corp. ("TNC") and Thrive Systems, Inc. ("TSI," and together with TNC, the "Debtors"), through his undersigned counsel, hereby moves this Court for an Order approving a settlement agreement with Paul Shirley and Brooke Shirley (collectively, the "Shirleys") (the "Motion").  In support of this Motion, the Trustee respectfully states as follows:

{00447784.DOC /}

## GENERAL BACKGROUND

1.	On July 27, 2016, TNC commenced its bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On October 24, 2016, the TNC bankruptcy case was converted as a case under Chapter 7 of the Bankruptcy Code. The Trustee is the presently acting and duly-appointed Trustee of TNC's bankruptcy estate.

2.	On February 28, 2018, TSI filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Trustee was appointed as the Chapter 7 Trustee for TSI and is presently acting to liquidate the Debtors' assets for the benefit of their creditors.

3.	On July 27, 2018, the Trustee filed a complaint against the Shirleys (the "Complaint"), commencing Adversary Proceeding No. 18-2098 (the "Adversary Proceeding").

4.	In the Complaint, the Trustee asserts claims against the Shirleys for fraudulent transfers under Bankruptcy Code §§ 544, 548, and 550 and Utah Code Ann. §§ 25-6-5(1) and 25-6-6, and unjust enrichment (collectively, the "Claims").

5.	In general, the Claims are for salaries and other transfers paid by the Debtors to the Shirleys for prepetition services, which, the Trustee alleges, were performed in whole or in part for the benefit of non-Debtor persons or entities.

6.  In defense to the Claims, the Shirleys assert that the Debtors received reasonably equivalent value for their payments to the Shirleys, including employment services that both directly and indirectly benefitted the Debtors.

## **THE SETTLEMENT AGREEMENT**

7.  Subject to this Court's approval, the Trustee has entered into a settlement agreement with the Shirleys (the "Settlement Agreement"). The Settlement Agreement is summarized in this Motion, but to the extent that there is any inconsistency between this summary and the Settlement Agreement, the Settlement Agreement controls. Accordingly, creditors and parties-in-interest are directed to the Settlement Agreement for its complete terms.

8.  Under the Settlement Agreement, the Shirleys have agreed to pay the Trustee $20,000 (the "Settlement Amount") to fully resolve and satisfy the Trustee's Claims against them. The Settlement Amount shall be paid in two payments of $10,000. The Trustee has already received the first $10,000 payment and will receive the second payment within 6 months after entry of the order approving the Settlement Agreement. Subject to timely receipt of the full Settlement Amount, the Trustee has agreed to release his Claims against the Shirleys and seek dismissal of the Adversary Proceeding.

## **BASIS FOR RELIEF**

9.  In considering a proposed settlement, this Court applies the factors articulated in In re Kopexa Realty Venture Co., 213 B.R. 1020 (B.A.P. 10th Cir. 1997). These factors are: (1) the probable success of the underlying litigation on the merits;

(2) the possible difficulty in collection of a judgment; (3) the complexity and expense of the litigation; and (4) the interests of creditors in deference to their reasonable views. Id. at 1022. These factors weigh in favor of approving the Settlement Agreement.

10. With regard to the probable success in the Adversary Proceeding, the Trustee believes that the Claims asserted have substantial merit. In particular, the Trustee has identified records that show services provided to persons or entities other than the Debtors. However, the Shirleys have asserted that many of the services that were ostensibly provided for other persons or entities had a direct (or indirect) benefit to the Debtors. The Trustee strongly disputes that services provided to non-Debtor entities had any benefit, direct or indirect, to the Debtors. Even if the Shirleys provided services of value, the Utah Federal District Court has stated that "the question is not whether Defendants 'gave reasonably equivalent value; it is whether [*the debtor*] received reasonably equivalent value." Klein v. Michelle Tuprin & Associates, PC, 2016 WL 3661226, *7 (D. Utah July 5, 2016) (analyzing "reasonably equivalent value" under the UFTA). Indeed, "Courts have long recognized that transfers to benefit non-debtors or even affiliates of debtors provide no direct benefit to the debtor." In re PostRock Energy Corp., 595 B.R. 858, 868 (Bankr. D. Okla. 2019) (citing cases). Accordingly, the Trustee believes this factor weighs against approving the Settlement Agreement, though it should not be determinative as to whether to approve the settlement.

11. The Claims asserted in the Complaint sought damages in excess of $33,588. In the course of discovery, the Trustee has found evidence that suggests the Claims would well-exceed that amount. However, the Trustee believes that there would

be some difficulty in collecting a judgment against the Shirleys. In particular, the Shirleys do not appear to be "high net worth" individuals, and the documents they provided to the Trustee show that they may not have substantial assets available to pay towards a judgment. They are, in essence, an upper-middle-class family without substantial means to pay a large judgment. This factor weighs strongly in favor of approving the Settlement Agreement.

12. The complexity and expense of the litigation weighs strongly in favor of approving the Settlement Agreement. The Claims are highly fact-intensive. The Shirleys are family members of Bailey Hall, and the Trustee believes it could be difficult to obtain testimony in support of his claims. The Shirleys claim that some of their services were done directly for the Debtors (as opposed to non-debtor individuals or entities). The Trustee would (potentially) need to show that the services rendered by the Shirleys did not benefit the Debtors. The Trustee may need to hire one or more experts to assist him in this matter. This matter weighs in favor of approving the Settlement Agreement.

13. With respect to the interests of creditors, the Trustee submits that the proposed Settlement Agreement is in the best interests of creditors and, for this reason, should be approved. Resolution of the Claims is a reasonable result for the estate under the circumstances and risks of the case and will allow the Trustee to focus his efforts on other adversary proceedings that are pending in this bankruptcy case. While the Trustee believes that he could successfully obtain a judgment against the Shirleys, doing so would be expensive, and is unlikely to result in a better net-recovery for the Estate.  Accordingly, the Settlement Agreement is in the best interests of creditors.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an Order approving the Settlement Agreement, and for such other and further relief as may be just and proper.

Dated:    August 5, 2019

**COHNE KINGHORN, P.C.**

/s/ Jeffrey Trousdale
BRADLEY STRASSBERG
JEFFREY TROUSDALE

Attorneys for Chapter 7 Trustee

# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made as of July 26, 2019, by and among Kenneth Rushton, (the "Trustee"), the duly appointed chapter 7 trustee of the substantively consolidated bankruptcy estates of Thrive National Corp. ("TNC") and Thrive Systems, Inc. ("TSI", and together with TNC, the "Debtors"), and Paul Shirley and Brooke Shirley (the "Defendants" and together with the Trustee, the "Parties").

### BACKGROUND

**Whereas,** prior to filing bankruptcy, the Debtors were in the business of providing billing, payment processing, and collection services to health clubs and gyms across the country.

**Whereas,** TSI was primarily responsible for overseeing and operating the business of the Debtors, while TNC "owned" most of the Debtors' assets, including a 100% interest in TSI.

**Whereas,** Bailey Nolan Hall ("Hall") was the Debtors' President and CEO, and the sole shareholder of TNC.

**Whereas,** the Defendants are related to Hall, in that Brooke Shirley is sister-in-law and Paul Shirley is Brooke Shirley's husband.

**Whereas,** prior to the Debtors' bankruptcy, Hall hired Defendants to work for the Debtors, himself, and other entities related to or controlled by Hall.

**Whereas,** on July 27, 2016, TNC commenced its bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On October 24, 2016, the TNC bankruptcy case was converted as a case under Chapter 7 of the Bankruptcy Code. The Trustee is the presently acting and duly-appointed Trustee of TNC's bankruptcy estate.

**Whereas,** on February 28, 2018, TSI filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Trustee was appointed as the Chapter 7 Trustee for TSI and is presently acting to liquidate the Debtors' assets for the benefit of their creditors.

{00445842.DOC /}

**Whereas**, on July 27, 2018, the Trustee filed a complaint against the Defendants (the "Complaint"), commencing Adversary Proceeding No. 18-2098 (the "Adversary Proceeding").

**Whereas,** in the Complaint, the Trustee asserts claims against the Defendant for fraudulent transfers under Bankruptcy Code §§ 544, 548, and 550 and Utah Code Ann. §§ 25-6-5(1) and 25-6-6, and unjust enrichment (collectively, the "Claims").

**Whereas**, the Claims are based, in large part, on the Trustee's allegations that Hall used the Debtors' payroll to pay the Defendants for services that did not provide any benefit to the Debtors.

**Whereas**, in defense to the Claims, the Defendants assert that the Debtors received reasonably equivalent value for their payments to Defendants, including services that both directly and indirectly benefitted the Debtors.

**Whereas,** mutually desiring to avoid the burdens, risks and expenses of potential litigation between themselves, the Parties have entered into this Agreement to facilitate a full and final resolution and settlement of the matters described above and to fully and finally resolve and settle any and all disputes between and among themselves.

**Whereas,** the Trustee has considered the benefit to the estate and creditors that will be received as a result of the settlement of these matters, particularly in light of the costs, uncertainties and risks of further litigation, and has concluded that the settlement contained herein is (i) fair and equitable, (ii) a reasonable resolution of the Parties' disputes, and (iii) in the best interests of the estate and its creditors.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and legal sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties agree as follows:

1. <u>Payment to Estate</u>. The Defendant will cause the amount of $20,000.00 (the "Settlement Amount") to be paid to the Trustee. The Settlement Amount shall be paid in two installments of $10,000, with the first $10,000 payment (the "First Payment") to be made on or before the date that is (10) business days after entry of the order approving the Agreement, and the second $10,000 payment (the "Second Payment") to be made on or before the date that is 6 (six) months after entry of the order approving the Agreement.

2. <u>Release by Trustee</u>. On the Effective Date, the Trustee, on behalf of the Debtors' consolidated bankruptcy estate and any predecessor or successor, or any other entity or person claiming by, through or under any of them hereby releases and forever discharges the Defendants of and from the Claims and waives the right to commence, institute or prosecute any lawsuit, action, or other proceeding against the Defendants arising from or in connection with the Claims.

3. <u>Dismissal of Claims in the Adversary Proceeding</u>. On the Effective Date, the Trustee shall be deemed to have dismissed all of the Claims in the Adversary Proceeding with prejudice. The Trustee shall file a notice and order with the Court within ten (10) days after the Effective Date seeking the dismissal of the Claims and the Adversary Proceeding with prejudice.

4. <u>No Assignment</u>. The Trustee represents and warrants that he has not assigned, transferred, encumbered, granted a security interest in, or conveyed the Claims to any person or entity.

5.   <u>Effective Date</u>.  As used in this Agreement, the "Effective Date" shall mean the date the Settlement Amount is paid in full to the Trustee.

6.   <u>Bankruptcy Court Approval and Occurrence of the Effective Date</u>. The Parties hereby acknowledge and agree that this Agreement is subject to the approval of the Court.  To the extent that the Court does not approve the Agreement on or before September 30, 2019, or if the Effective Date does not occur on or before October 15, 2019, the terms and conditions of this Agreement shall be null and void, the Parties shall retain all of their respective rights and claims, and nothing contained herein shall be deemed a waiver of any and all rights and remedies of the Parties nor an acknowledgement by any of the Parties as to the respective rights and claims as provided for herein or otherwise.

7.   <u>Subject to Fed. R. Evid. 408</u>.  The Parties agree that this Agreement is entered into pursuant to, and entitled to the protections of, Rule 408 of the Federal Rules of Evidence.

8.   <u>No Admission of Liability</u>.  The Parties agree that neither the acceptance of, nor the performance of any obligations under this Agreement shall constitute or be construed as an admission of liability or fault by any of the Parties.

9.   <u>Entire Agreement</u>.  This Agreement embodies the entire agreement and understanding between the Parties with respect to the subject matter hereof and supersedes all prior oral or written agreements and understandings relating to the subject matter hereof.  No statement, representation, warranty, covenant or agreement of any kind not expressly set forth in this Agreement shall affect, or be used to interpret, change or restrict, the express terms and provisions of this Agreement.

10.  <u>Modifications and Amendments</u>.  The terms and provisions of this Agreement may be modified or amended only by a written agreement executed by all Parties.

11.  <u>Waivers and Consents</u>.  The terms and provisions of this Agreement may be waived, or consent for the departure therefrom granted, only by a written document executed by the party entitled to the benefits of such terms or provisions.  No such waiver or consent shall be deemed to be or shall constitute a waiver or consent with respect to any other terms or provisions of this Agreement.  Each such waiver or consent shall be effective only in the specific instance and for the purpose for which it was given, and shall not constitute a continuing waiver or consent.

12.  <u>Benefit</u>.  All statements, representations, warranties, covenants and agreements in this Agreement shall be binding on the Parties and shall inure to the benefit of the respective successors and permitted assigns of each party hereto. Nothing in this Agreement shall be construed to create any rights or obligations except

among the Parties, and no person or entity shall be regarded as a thirdparty beneficiary of this Agreement.

13. Governing Law. This Agreement and the rights and obligations of the Parties hereunder shall be construed in accordance with and governed by the law of the State of Utah, without giving effect to the conflict of law principles thereof.

14. Retention of Jurisdiction. The Court shall retain exclusive jurisdiction to adjudicate any controversy, dispute or claim arising out of or in connection with this Agreement, or the breach, termination or validity hereof.

15. Headings and Captions. The headings and captions of the various subdivisions of this Agreement are for convenience of reference only and shall in no way modify, or affect the meaning or construction of any of the terms or provisions hereof.

16. No Waiver of Rights, Powers and Remedies. No failure or delay by a party hereto in exercising any right, power or remedy under this Agreement, and no course of dealing between the Parties hereto, shall operate as a waiver of any such right, power or remedy of the party. No single or partial exercise of any right, power or remedy under this Agreement by a party hereto, nor any abandonment or discontinuance of actions to enforce any such right, power or remedy, shall preclude such party from any other or further exercise thereof or the exercise of any other right, power or remedy hereunder. The election of any remedy by a party hereto shall not constitute a waiver of the right of such party to pursue other available remedies. No notice to or demand on a party not expressly required under this Agreement shall entitle the party receiving such notice or demand to any other or further notice or demand in similar or other circumstances or constitute a waiver of the rights of the party giving such notice or demand to any other or further action in any circumstances without such notice or demand.

17. Counterparts. This Agreement may be executed in one or more counterparts, and by different Parties hereto on separate counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have signed this Agreement as of the date first above written.

By: _____
Kenneth Rushton, Chapter 7 Trustee

By: _____
Paul Shirley

By: _____
Brooke Shirley

{00445842.DOC /}                          5