**This order is SIGNED.**

**Dated: March 11, 2020**



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

*ar*

*PREPARED AND SUBMITTED BY:*
Jeffrey Trousdale (14814)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Attorneys for Kenneth Rushton,
Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH, NORTHERN DIVISION**

| In re<br><br>THRIVE NATIONAL CORP., and THRIVE SYSTEMS, INC.<br><br>Debtor. | Bankruptcy Case No.  16-26526 (KRA)<br>(Substantively Consolidated)<br><br>Chapter 7 |
|---|---|

**ORDER APPROVING SETTLEMENT AGREEMENT WITH JASON YANCEY, HELGESEN LAW, PLLC, and HELGESEN HOUTZ & JONES, PC d/b/a HELGESEN HOUTZ & JONES, DAVIS**

Before the Court is the *Motion for Order Approving Settlement Agreement With Jason Yancey, Helgesen Law PLLC, and Helgesen Houtz & Jones, PC, d/b/a/ Helgesen, Houtz & Jones, Davis* [Docket No. 247] (the "Motion"), filed by Kenneth Rushton, solely in his capacity as the chapter 7 trustee (the "Trustee") of the consolidated bankruptcy estates of Thrive National Corp. and Thrive Systems, Inc

(collectively, the "Debtors"). Through the Motion, the Trustee requests that the Court approve the settlement agreement (the "Agreement") between the Trustee and Jason Yancey, Helgesen Law PLLC, and Helgesen Houtz & Jones, PC, d/b/a/ Helgesen, Houtz & Jones, Davis (collectively, "Defendants").

The Trustee provided Notice of the Motion to all creditors and parties listed on the mailing matrix in this case. No party has filed an objection to the Motion, and the time for filing objections to the Motion has passed. Based on the reasons set forth in the Motion and the Court's independent review of the docket and other relevant pleadings in this Case, the Court finds there is good cause to grant the Motion and it is hereby

**ORDERED** that:

1.  The Motion is **GRANTED** in its entirety.

2.  The Agreement, attached as Exhibit A, is approved in its entirety, and the Trustee and Defendants are authorized and directed to take such actions as may be necessary or appropriate to consummate the Agreement.

3.  This Court will retain jurisdiction to adjudicate any controversy, dispute or claim arising out of or in connection with the Agreements or the breach, termination or validity thereof.

**---END OF ORDER---**

**DESIGNATION OF PARTIES TO BE SERVED**

The undersigned hereby designates the following parties to be served a copy of the foregoing **ORDER**:

**By Electronic Service**: I certify that the parties of record in this case as identified below, are registered CM/ECF users, and will be served notice of entry of the foregoing Order through the CF/ECF System:

- Matthew K. Broadbent    matt@vannovalegal.com, vannova.ecf@gmail.com; broadbentmr74548@notify.bestcase.com; vannovalegal@ecf.courtdrive.com; encoreresss.inbound@gmail.com; ecfarchive@vannovalegal.com
- Laurie A. Cayton tr    laurie.cayton@usdoj.gov, James.Gee@usdoj.gov; Lindsey.Huston@usdoj.gov; Suzanne.Verhaal@usdoj.gov
- Deborah Rae Chandler    dchandler@aklawfirm.com
- Joseph M.R. Covey    calendar@parrbrown.com; nmckean@parrbrown.com
- P. Matthew Cox    bankruptcy_pmc@scmlaw.com
- T. Edward Cundick    tec@princeyeates.com, docket@princeyeates.com; pam@princeyeates.com
- Ronald L. Dunn    RonaldLDunn@gmail.com
- Zane S. Froerer    zane.froerer@froererlaw.com
- Peter W. Guyon    pguyon@yahoo.com
- Kimberley L. Hansen    khansen@cohnekinghorn.com
- George B. Hofmann    ghofmann@cohnekinghorn.com, dhaney@cohnekinghorn.com; mparks@cohnekinghorn.com
- Michael F. Holbein
- Jason R. Hull    jhull@mohtrial.com, tlang@mohtrial.com
- Tyler J. Jensen    tylerjensen@lebaronjensen.com, linda@lebaronjensen.com
- Blake D. Miller    bmiller@aklawfirm.com, millermobile@gmail.com; miller.blaked@gmail.com
- Jaime G. Richards    jaime@richardsgodfrey.com, bernie@richardsgodfrey.com; solange@richardsgodfrey.com; maria@richardsgodfrey.com
- Jason B. Richards    jason@jbrlawyers.com, assistant@jbrlawyers.com; richardsjr66365@notify.bestcase.com
- Kenneth A. Rushton tr    KRus8416@aol.com, UT01@ecfcbis.com
- Zachary T. Shields    zshields@strongandhanni.com
- Bradley M. Strassberg    bstrassberg@cohnekinghorn.com
- Jeffrey L. Trousdale    jtrousdale@cohnekinghorn.com, nlakey@cohnekinghorn.com
- Steven C. Tycksen    steve@tyshlaw.com, alicia@tyshlaw.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
- E. Kent Winward    utahbankruptcyfirm@gmail.com, winlawecf@gmail.com; bcsummarymails@gmail.com; thebankruptcyfirm@yahoo.com; r39103@notify.bestcase.com

4

- Jason Yancey    jyancey@utahattorneys.com, jholloway@utahattorneys.com
- Michael N. Zundel    mnz@princeyeates.com, docket@princeyeates.com; carolp@princeyeates.com; tec@princeyeates.com

**By U.S. Mail**:  In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

**Layton Office Supply**
1101 E Cambridge Circle, Ste 3
Layton, UT 84040

**Gil A. Miller**
Rocky Mountain Advisory, LLC
215 South State Street, Suite 550
Salt Lake City, UT 84111

**Paul Silverberg**
Silverberg & Weiss, P.A.
1290 Weston Road Ste 218
Weston, FL 33326

/s/ Jeffrey Trousdale

# EXHIBIT A
(Agreement)

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made as of December 19, 2019, by and among Kenneth Rushton, (the "Trustee"), the duly appointed chapter 7 trustee of the substantively consolidated bankruptcy estates of Thrive National Corp. ("TNC") and Thrive Systems, Inc. ("TSI", and together with TNC, the "Debtors"), and Jason Yancey ("Yancey"), Helgesen Law PLLC, Helgesen Houtz & Jones, PC, d/b/a/ Helgesen, Houtz & Jones, Davis (collectively, the "Defendants" and together with the Trustee, the "Parties").

## BACKGROUND

**Whereas**, prior to filing bankruptcy, the Debtors were primarily in the business of providing billing, payment processing, and collection services to health clubs and gyms across the country.

**Whereas,** TSI was primarily responsible for overseeing and operating the business of the Debtors, while TNC "owned" most of the assets, including a 100% interest in TSI.

**Whereas,** Bailey Nolan Hall ("Hall") was the Debtors' President and CEO, and the sole shareholder of TNC.

**Whereas,** prior to filing bankruptcy, the Debtors, Hall, and other related entities were involved in substantial litigation, including a state-court matter against J. Hoyt Stephenson and others regarding the ownership of the Debtors (and/or their assets), litigation against a purported subsidiary of the Debtors, and other connected matters.

**Whereas**, in connection with the pre-bankruptcy litigation, the Trustee's review of TNC and TSI's records show that Debtors transferred funds to the Defendants of approximately $544,893.

**Whereas**, on July 27, 2016, TNC commenced its bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On October 24, 2016, the TNC bankruptcy case was converted as a case under Chapter 7 of the Bankruptcy Code. The Trustee is the presently acting and duly-appointed Trustee of TNC's bankruptcy estate.

**Whereas**, on February 28, 2018, TSI filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Trustee was appointed as the Chapter 7 Trustee for TSI and is presently acting to liquidate the Debtors' assets for the benefit of their creditors.

**Whereas**, on July 27, 2018, the Trustee filed a complaint against the Defendants (the "Complaint"), commencing Adversary Proceeding No. 18-2097 (the "Adversary Proceeding").

**Whereas,** in the Complaint, the Trustee asserts claims against the Defendants for fraudulent transfers under Bankruptcy Code §§ 544, 548, and 550 and Utah Code Ann. §§ 25-6-5(1) and 25-6-6, and unjust enrichment (collectively, the "Claims").

**Whereas**, in defense to the Claims, the Defendants assert that the Debtors received reasonably equivalent value for their payments to the Defendants, including legal services that both directly and indirectly benefitted the Debtors.

**Whereas**, in defense to the Claims, the Defendants also assert, and have provided evidence, that many of the transferred funds were subsequently sent to third-parties as settlement payments for litigation of the Debtors and related entities.

**Whereas**, the Defendants have also provided evidence to the Trustee related to their difficulty in satisfying any potential judgment.

**Whereas,** mutually desiring to avoid the burdens, risks and expenses of potential litigation between themselves, the Parties have entered into this Agreement to facilitate a full and final resolution and settlement of the matters described above and to fully and finally resolve and settle any and all disputes between and among themselves.

**Whereas**, the Trustee has considered the benefit to the estate and creditors that will be received as a result of the settlement of these matters, particularly in light of the costs, uncertainties and risks of further litigation, and has concluded that the settlement contained herein is (i) fair and equitable, (ii) a reasonable resolution of the Parties' disputes, and (iii) in the best interests of the estate and its creditors.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and legal sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties agree as follows:

1. <u>Payment to Estate</u>.  The Defendants will cause the amount of $10,000.00 (the "Settlement Amount") to be paid to the Trustee on or before the date that is thirteen (13) days after entry of the order approving the Agreement, but in any event, no sooner than February 15, 2020.

2. <u>Release by Trustee</u>.  On the Effective Date, the Trustee, on behalf of the Debtors' consolidated bankruptcy estate and any predecessor or successor, or any

other entity or person claiming by, through or under any of them hereby releases and forever discharges the Defendants of and from the Claims. The Trustee hereby waives the right to commence, institute or prosecute any lawsuit, action, or other proceeding against the Defendants arising from or in connection with the Claims.

3. <u>Dismissal of Claims in the Adversary Proceeding</u>. On the Effective Date, the Trustee shall be deemed to have dismissed all of the Claims in the Adversary Proceeding with prejudice. The Trustee shall file a notice and order with the Court within ten (10) days after the Effective Date seeking the dismissal of the Claims and the Adversary Proceeding with prejudice.

4. <u>No Assignment</u>. The Trustee represents and warrants that he has not assigned, transferred, encumbered, granted a security interest in, or conveyed the Claims to any person or entity.

5. <u>Effective Date</u>. As used in this Agreement, the "Effective Date" shall mean the date the Settlement Amount is paid in full to the Trustee.

6. <u>Bankruptcy Court Approval and Occurrence of the Effective Date</u>. The Parties hereby acknowledge and agree that this Agreement is subject to the approval of the Court. To the extent that the Court does not approve the Agreement on or before February 15, 2020, or if the Effective Date does not occur on or before February 28, 2020, the terms and conditions of this Agreement shall be null and void, the Parties shall retain all of their respective rights and claims, and nothing contained herein shall be deemed a waiver of any and all rights and remedies of the Parties nor an acknowledgement by any of the Parties as to the respective rights and claims as provided for herein or otherwise.

7. <u>Subject to Fed. R. Evid. 408</u>. The Parties agree that this Agreement is entered into pursuant to, and entitled to the protections of, Rule 408 of the Federal Rules of Evidence.

8. <u>No Admission of Liability</u>. The Parties agree that neither the acceptance of, nor the performance of any obligations under this Agreement shall constitute or be construed as an admission of liability or fault by any of the Parties.

9. <u>Entire Agreement</u>. This Agreement embodies the entire agreement and understanding between the Parties with respect to the subject matter hereof and supersedes all prior oral or written agreements and understandings relating to the subject matter hereof. No statement, representation, warranty, covenant or agreement of any kind not expressly set forth in this Agreement shall affect, or be used to interpret, change or restrict, the express terms and provisions of this Agreement.

10. <u>Modifications and Amendments</u>. The terms and provisions of this Agreement may be modified or amended only by a written agreement executed by all Parties.

11. <u>Waivers and Consents</u>. The terms and provisions of this Agreement may be waived, or consent for the departure therefrom granted, only by a written document executed by the party entitled to the benefits of such terms or provisions. No such waiver or consent shall be deemed to be or shall constitute a waiver or consent with respect to any other terms or provisions of this Agreement. Each such waiver or consent shall be effective only in the specific instance and for the purpose for which it was given, and shall not constitute a continuing waiver or consent.

12. <u>Benefit</u>.  All statements, representations, warranties, covenants and agreements in this Agreement shall be binding on the Parties and shall inure to the benefit of the respective successors and permitted assigns of each party hereto. Nothing in this Agreement shall be construed to create any rights or obligations except among the Parties, and no person or entity shall be regarded as a third-party beneficiary of this Agreement.

13. <u>Governing Law</u>.  This Agreement and the rights and obligations of the Parties hereunder shall be construed in accordance with and governed by the law of the State of Utah, without giving effect to the conflict of law principles thereof.

14. <u>Retention of Jurisdiction</u>.  The Court shall retain exclusive jurisdiction to adjudicate any controversy, dispute or claim arising out of or in connection with this Agreement, or the breach, termination or validity hereof.

15. <u>Headings and Captions</u>.  The headings and captions of the various subdivisions of this Agreement are for convenience of reference only and shall in no way modify, or affect the meaning or construction of any of the terms or provisions hereof.

16. <u>No Waiver of Rights, Powers and Remedies</u>.  No failure or delay by a party hereto in exercising any right, power or remedy under this Agreement, and no course of dealing between the Parties hereto, shall operate as a waiver of any such right, power or remedy of the party.  No single or partial exercise of any right, power or remedy under this Agreement by a party hereto, nor any abandonment or discontinuance of actions to enforce any such right, power or remedy, shall preclude such party from any other or further exercise thereof or the exercise of any other right,

power or remedy hereunder. The election of any remedy by a party hereto shall not constitute a waiver of the right of such party to pursue other available remedies. No notice to or demand on a party not expressly required under this Agreement shall entitle the party receiving such notice or demand to any other or further notice or demand in similar or other circumstances or constitute a waiver of the rights of the party giving such notice or demand to any other or further action in any circumstances without such notice or demand.

17.   <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts, and by different Parties hereto on separate counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have signed this Agreement as of the date first above written.

By: _____
Kenneth Rushton, Chapter 7 Trustee

**Helgesen Law, PLLC a/k/a Helgesen Houtz & Jones, PC d/b/a Helgesen, Houtz & Jones - Davis**

By: _*[signature]*_____
Its: _*President/Owner*_____

**Jason Yancey, an Individual**

_*[signature]*_____

{00465364.DOC /}                                    7

power or remedy hereunder. The election of any remedy by a party hereto shall not constitute a waiver of the right of such party to pursue other available remedies. No notice to or demand on a party not expressly required under this Agreement shall entitle the party receiving such notice or demand to any other or further notice or demand in similar or other circumstances or constitute a waiver of the rights of the party giving such notice or demand to any other or further action in any circumstances without such notice or demand.

17. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, and by different Parties hereto on separate counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have signed this Agreement as of the date first above written.

By: _____
Kenneth Rushton, Chapter 7 Trustee

**Helgesen Law, PLLC a/k/a Helgesen Houtz & Jones, PC d/b/a Helgesen, Houtz & Jones - Davis**

By: _____

Its: _____

**Jason Yancey, an Individual**

_____

{00465364.DOC /}                    7